FILED by **MM** D.C.

Oct 5, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **22-20479-CR-MORENO/GOODMAN**

16 U.S.C. § 3372(d)
16 U.S.C. § 3373(d)(3)(A)
18 U.S.C. § 371
18 U.S.C. § 2

UNITED STATES OF AMERICA

v.

DAN Q. LIN, a/k/a "Wendy,"

JIU FA CHEN, a/k/a "AL-Min," and

AIFA SEAFOOD INC.,

        Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGAIONS

At all times relevant herein:

1. The Lacey Act, Title 16, United States Code, Sections 3371 et seq., made it unlawful for a person to knowingly make or submit any false record, account, or label for, or any false identification of, any fish or wildlife that had been or was intended to be imported, transported, purchased, or received from any foreign country, or transported in interstate or foreign commerce. 16 U.S.C. §§ 3372(d), 3373(d)(3).

2. The Lacey Act defines "wildlife" as "any wild animal, whether alive or dead, including without limitation any wild mammal, bird, reptile, amphibian, fish, mollusk, crustacean, arthropod, coelenterate, or other invertebrate, whether or not bred, hatched, or born in captivity, and includes any part, product, egg, or offspring thereof." 16 U.S.C. § 3371(a).

3. Title 18, United States Code, Section 554 made it unlawful for anyone to fraudulently or knowingly export or send from the United States, or attempt to export or send from the United States, any merchandize, article, or object contrary to any law or regulation of the United States.

4. The State of Florida regulates the commercial harvest and sale of Spiny Lobster (*Panulirus argus*) within the state. Florida's Spiny Lobster commercial fishery is seasonal, open each August 6th through March 31st of the following year. Domestically harvested lobster can only be sold to the holder of a valid Florida wholesale dealer license as outlined in Florida Statute 379.362(1) and a Florida wholesale dealer can only sell and export domestically caught Florida Spiny Lobster after a season closure from inventory from the previous open season. As provided in Florida State Statute 379.245, upon closure of a lobster season, all lobster inventory on hand must be declared by the wholesale dealer to the State of Florida and inspected by a State of Florida official. Each sale and/or export of quantities of Florida Spiny Lobster during a closed season must be reported to the State and those quantities are deducted from the inventory held and previously inspected. During the seasonal closure, spiny lobster imported from outside the State must be declared 12 hours prior to its importation and the shipments/product must be inspected by the Florida Fish and Wildlife Conservation Commission (FWCC).

5. **DAN Q. LIN (LIN)** and **JIU FA CHEN (CHEN)** owned and operated **AIFA SEAFOOD INC. (AIFA)**, a Florida corporation with its principal place of business at 30 N.W. 12TH Street, Florida City, FL. **AIFA** was engaged in the purchase of live Spiny Lobster harvested in Florida and live Spiny Lobster imported in foreign commerce, which were subsequently exported in foreign commerce to markets in China.

2

6. **AIFA** obtained a Closed Season Crawfish dealer license for the 2018/2019 season [WD-188627] from the FWCC.

7. **LIN** and **Chen** were responsible for overseeing the daily operations of **AIFA**. They managed and directed employees of **AIFA** with respect to the packaging, labeling, transportation, and shipping of Spiny Lobster.

8. As part of the business activities of **AIFA**, during the Florida Spiny Lobster closed season, **LIN** and **CHEN** caused **AIFA** to purchase live Spiny Lobster from foreign countries to supplement **AIFA**'s available supply of Spiny Lobster.

9. Company A was a business operating from Port Au Prince, Haiti, which engaged in the sale and shipment of live Spiny Lobster from Haiti to MIA, consigned to **AIFA**.

10. During the relevant timeframe, the average retail market value of live Spiny Lobster was approximately $35 per pound.

## COUNT 1
### Conspiracy
### ( 18 U.S.C. § 371)

1. The General Allegations section of this Indictment is realleged and incorporated by reference herein, as though set forth in its entirety.

2. Beginning on or about May 16, 2019, and continuing up to and including on or about August 3, 2019, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**DAN Q. LIN, a/k/a "Wendy,"**
**JIU FA CHEN, a/k/a "AL-Min," and**
**AIFA SEAFOOD INC.,**

did willfully, that is with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and other persons both known and unknown to the Grand Jury, to commit certain offenses against the United States, that is:

    a.    to make and submit a false record, account, and label for, and a false identification of, any wildlife, that is, Spiny lobsters and any part, product, egg, or offspring thereof, which has been, and is intended to be transported in interstate and foreign commerce, in violation of 16 U.S.C. § 3372(d)(2); and

    b.    to fraudulently and knowingly export and send from the United States any merchandise, article, and object contrary to any law and regulation of the United States, in violation of Title 18, United States Code, Section 554.

## Objects of the Conspiracy

3. The purpose and objects of the conspiracy were for the defendants and their co-conspirators, known and unknown to the Grand Jury, to unjustly enrich themselves by exporting live foreign-origin Spiny Lobster from the United States to China falsely labelled as "Florida Spiny Lobsters, Product of U.S.A."

## Manner and Means of the Conspiracy

The manner and means by which the conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4. During the period extending from on or about May 16, 2019, through on or about August 3, 2019, **LIN, CHEN,** and **AIFA** purchased and imported five shipments of live Spiny Lobsters from Haiti through Miami International Airport (MIA).

5. **LIN, CHEN,** and **AIFA** caused the five shipments to be delivered by their employees to the business premises of **AIFA** in Florida City and placed in holding tanks.

6. After varying periods, the same surviving live Spiny Lobster from Haiti were repackaged for export to Hong Kong by air and delivered by **AIFA** employees to MIA.

4

7. **LIN, CHEN,** and **AIFA** provided an **AIFA** invoice describing each export shipment as "Live Florida Spiny Lobster" and each of the boxes in the shipments bore a label describing the contents as "Live Florida Spiny Lobster Product of USA."

### Overt Acts

In furtherance of the conspiracy, and to effect the objects and purpose thereof, there were committed and caused to be committed by at least one of the co-conspirators herein, within the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1. On or about May 16, 2019, **AIFA** purchased and imported approximately 659 kg of live Spiny Lobster from Company A, located in Port Au Prince, Haiti, for $11,800.

2. On or about May 17, 2019, **LIN** and **CHEN** directed their employees to package approximately 833 kg of live Spiny Lobster for international shipment.

3. On or about May 17, 2019, **LIN, CHEN,** and **AIFA** provided an invoice to accompany an export of approximately 833 kg of "LIVE FLORIDA LOBSTER" to Hong Kong.

4. On or about May 17, 2019, **LIN, CHEN,** and **AIFA** caused their employees to deliver approximately 833 kg of "LIVE FLORIDA LOBSTER" to MIA utilizing an **AIFA** cargo truck.

5. On or about May 30, 2019, approximately 557 kgs of live Spiny Lobster was imported from Haiti through MIA, consigned to **AIFA**.

6. On or about June 4, 2019, **AIFA** delivered 22 cases labelled as "LIVE FLORIDA SPINY LOBSTER PRODUCT OF USA" to MIA for export to China.

7. On or about June 19, 2019, approximately 681 kgs of live Spiny Lobster was imported from Haiti through MIA, consigned to **AIFA**.

8. On or about June 25, 2019, **AIFA** delivered 25 cases labelled as "LIVE FLORIDA SPINY LOBSTER PRODUCT OF USA" to MIA for export to China.

9. On or about July 3, 2019, **LIN, CHEN,** and **AIFA** caused an employee to pick-up a shipment of approximately 536 kgs of live Spiny Lobster imported from Haiti at MIA.

10. On or about July 9, 2019, **AIFA** delivered 21 cases containing approximately 473 kgs of live lobsters invoiced as "LIVE FLORIDA SPINY LOBSTER" to MIA for export to China.

11. On or about August 1, 2019, **LIN, CHEN,** and **AIFA** caused an employee to pick-up a shipment of approximately 454 kgs of live Spiny Lobster imported from Haiti at MIA.

12. On or about August 1, 2019, **AIFA** made a wire transfer of $24,572.10 to Company A in Port Au Prince, Haiti.

13. On or about August 3, 2019, **AIFA** delivered 19 cases containing approximately 428 kgs of live lobsters labelled as "Live Florida Spiny Lobster Product of USA" to MIA for export to China.

All in violation of Title 18, United States Code, Section 371.

### COUNTS 2-6
### False Labeling
### (16 U.S.C. §§ 3372(d)(2), 3373(d)(3)(A))

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference herein, as though set forth in its entirety.

2. On or about each of the dates in the table below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**DAN Q. LIN, a/k/a "Wendy,"**
**JIU FA CHEN, a/k/a "AL-Min," and**
**AIFA SEAFOOD INC.,**

did knowingly make and submit, and cause to be made and submitted, a false record, account, and label for, and false identification of wildlife, as specified in the table below, in that the defendants caused invoices and labels accompanying exports of Spiny Lobster (*Panulirus argus*) from Miami, Florida to Hong Kong, China identifying the wildlife as "Live Florida Spiny Lobster" and "Live Florida Spiny Lobster Product of USA," when in truth and in fact, as the defendants then and there well knew, the wildlife was not the product of the State of Florida, said wildlife having been and intended to be transported in interstate and foreign commerce:

| COUNT | OFFENSE DATE | Approximate Quantity | Declared Invoice Value |
|---|---|---|---|
| 2 | 5/17/2019 | 833 kgs | $16,799.50 |
| 3 | 6/4/2019 | 495 kgs | $13,557.50 |
| 4 | 6/25/2019 | 453 kgs | $11,337.50 |
| 5 | 7/9/2019 | 473 kgs | $9,523.50 |
| 6 | 8/3/2019 | 428 kgs | $8,400.00 |

In violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A), and Title 18, United States Code, Section 2.

A TRUE BILL

FOREPERSON

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Thomas A. Watts-FitzGerald
Assistant United States Attorney

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.:

v.

DAN Q. LIN, a/k/a "Wendy,"
JIU FA CHEN, a/k/a "AL-Min," and
AIFA SEAFOOD INC.,
                            /
                Defendants.

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of New Counts _____

**Court Division** (select one)
☑ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) _Yes_
   List language and/or dialect: _Chinese Mandarin_

4. This case will take _5_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    ☑ 0 to 5 days
   II   ☐ 6 to 10 days
   III  ☐ 11 to 20 days
   IV   ☐ 21 to 60 days
   V    ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes, Judge _____  Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) _No_
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) _No_
   If yes, Judge _____  Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) _No_
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) _No_
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) _No_

By: _____
Thomas Watts-FitzGerald
Assistant United States Attorney
FLA Bar No.     0273538

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** DAN Q. LIN, a/k/a 'Wendy"

**Case No:** _____

Count(s) #: 1

Conspiracy

Title 18, United States Code, Section 371
* Max. Term of Imprisonment: 5 Years Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 Years
* Max. Fine: Greater of $250,000 or twice the pecuniary gain/loss

Count(s) #: 2-6

Making False Records

Title 16, United States Code, Section 3372(d) ; 3373(d)(3)(A)
* Max. Term of Imprisonment: 5 Years Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 Years
* Max. Fine: Greater of $250,000 or twice the pecuniary gain/loss

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** JIU FA CHEN, a/k/a 'AL-Min"

**Case No:** _____

Count(s) #: 1

Conspiracy

Title 18, United States Code, Section 371
* Max. Term of Imprisonment: 5 Years Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 Years
* Max. Fine: Greater of $250,000 or twice the pecuniary gain/loss

Count(s) #: 2-6

Making False Records

Title 16, United States Code, Section 3372(d) ; 3373(d)(3)(A)
* Max. Term of Imprisonment: 5 Years Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 Years
* Max. Fine: Greater of $250,000 or twice the pecuniary gain/loss

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** AIFA SEAFOOD INC.

**Case No:** _____

Count(s) #: 1

Conspiracy

Title 18, United States Code, Section 371
* Max. Term of Imprisonment: N/A
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Probation: 5 Years
* Max. Fine: Greater of $500,000 or twice the pecuniary gain/loss

Count(s) #: 2-6

Making False Records

Title 16, United States Code, Section 3372(d) ; 3373(d)(3)(A)
* Max. Term of Imprisonment: N/A
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Probation: 5 Years
* Max. Fine: Greater of $500,000 or twice the pecuniary gain/loss

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.